UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No.: 22-cr-20029
    Hon. Gershwin A. Drain

EARL KENDRICKS, JR.,

    Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR REVOCATION OF OR AMENDMENT TO DETENTION ORDER [#17]

### I. INTRODUCTION

Presently before the Court is the Defendant Earl Kendricks, Jr.'s Motion for Revocation of, or Amendment to, Detention Order, filed on April 2, 2022. The Government filed a Response opposing Defendant's requested relief on April 8, 2022. A hearing on Defendant's present motion was held on April 19, 2022, the same date scheduled for entry of the Defendant's guilty plea to the charges in the Information. For the reasons that follow, Defendant's Motion for Revocation of, or Amendment to, Detention Order will be denied.

## II.   FACTUAL BACKGROUND

Defendant is charged with wire fraud in violation of 18 U.S.C. § 1343, and for making a false statement in furtherance of firearm acquisition in violation of 18 U.S.C. § 922(a)(6). On January 27, 2022, Defendant appeared for arraignment before Magistrate Judge Elizabeth Stafford. The Government did not move for detention and pretrial services recommended bond with the imposition of conditions. Noting that "the history described here" was cause for "some concern[,]" Magistrate Judge Stafford nonetheless released Defendant on personal recognizance with the requirement he resolve all of his open warrants. On March 7, 2022, the Defendant was scheduled to appear for a plea hearing, however, Defendant failed to appear. The Court adjourned the hearing to the following day, and Defendant again failed to appear.

In his present motion, Defendant asserts that his failure to appear was due to the fact he was "in custody in Macomb County on an unrelated unadjudicated misdemeanor case[,]" thus, "[i]t was not physically possible for [Defendant] to appear in Court on March 8, 2022." ECF No. 17, PageID.39. However, a review of the police report from the Roseville Police Department, dated March 8, 2022, belies Defendant's purported reason for his failure to appear at his scheduled plea hearing.

The report reveals that police were dispatched to Defendant's apartment in Roseville, Michigan at 3:52 p.m., or nearly 5 hours past the rescheduled plea hearing on March 8, 2022, which the Court set for 11:00 a.m. *See* ECF No. 20, PageID.58. Defendant's fiancé reported to police that she had been having trouble getting Defendant to move out of the apartment, even though he had been served eviction papers in December of 2021. *Id*.

She further advised that Defendant "had a court date but was too intoxicated to go." *Id*. The Defendant would not leave and allegedly pushed her against the living room wall and choked her. *Id.* at PageID.59. She explained she wanted Defendant to leave the apartment and she would be pursuing charges against him for the assault. *Id*. She divulged they had been in a relationship for six years and that Defendant had been physical in the past. *Id*.

Defendant was also interviewed by police and denied physically assaulting his fiancé but admitted to punching the television. *Id*. Defendant claimed he had been living with his fiancé for six years and was never served with eviction papers.

As a result of Defendant's failure to appear for the March 7, 2022 plea hearing or the rescheduled plea hearing on March 8, 2022, the Court cancelled Defendant's bond and revoked his right to bail. Defendant seeks amendment to the Court's detention order.

### III. LAW & ANALYSIS

#### A. The Bail Reform Act

Given the timing of Defendant's anticipated plea to the charged offenses and his request for revocation of the detention order, there are two different legal standards that may apply to his request. If the Court considers Defendant's request prior to entry of his guilty plea, 18 U.S.C. § 3142 governs, but if the Court resolves his request after Defendant enters his plea, 18 U.S.C. § 3143 governs.

Generally, in order for a defendant to be detained pending trial, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

However, release after entry of a guilty plea while awaiting sentencing is governed by 18 U.S.C. § 3143. The statute provides in relevant part:

> the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C .§ 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added). "[T]he statute does not require the government to make an initial showing of dangerousness. Rather, it presumes dangerousness, and the criminal defendant must overcome this presumption." *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (alteration in original) (quoting *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)).

**B. Defendant's Motion**

Here, Defendant has not demonstrated release is warranted under either § 3142 or § 3143. Because Defendant claims he will plead guilty to both offenses charged in the Information, has already signed the Rule 11 Plea Agreement and returned it to the Government, there is strong argument for concluding § 3143 is the applicable statutory provision governing Defendant's request for revocation of the detention order. However, even if the Court considers Defendant's request

5

under § 3142, the Government has come forward with clear and convincing evidence that Defendant is a danger to his fiancé. Moreover, the Government has shown by a preponderance of the evidence that the Defendant is a flight risk. Contrary to Defendant's argument, he has advanced no legitimate basis for his failure to appear twice for his scheduled plea hearing in this case. The record before the Court shows that he was not in custody at the time of either the March 7, 2022 plea hearing or the rescheduled hearing on March 8, 2022.

### C. Nature and Characteristics of the Charged Offense

The nature and circumstances of the offense are unquestionably dangerous. Defendant lied on a firearm purchase form in order to purchase an assault style weapon, specifically a Kel-Tec Model RDB Rifle, and immediately passed it to a prohibited person with the knowledge that the individual could "do something bad with the gun[,]" but he proceeded to do it nonetheless.

### D. The Weight of the Evidence

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

The weight of the evidence of Defendant's dangerousness is more robust now compared with his January 2022 arraignment. Since then, Defendant has failed to appear twice and assaulted his fiancé.

### E. History and Characteristics of the Defendant

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Defendant is thirty-five years old and has been employed at LA Fitness since January of 2022. He is a lifelong resident of the Eastern District of Michigan, and lives with his fiancé and his two year old son. However, the record suggests Defendant's fiancé no longer wishes to reside with him. Indeed, the Court cannot conclude returning to this living arrangement will assure her safety.

Defendant argues his prior offenses have all been misdemeanors, however he has two prior domestic violence charges in addition to the most recent conduct he is alleged to have engaged in on March 8, 2022. A review of the 2018 domestic violence case reveals Defendant was never in compliance with his probation requirements; he failed to report to his probation officer on two occasions, did not sign up for domestic violence classes, did not register for alcohol and drug testing and failed to pay his fines. In this case, despite being ordered to resolve his outstanding warrants by Magistrate Judge Stafford, Defendant has apparently undertaken no efforts to do so. The March 8, 2022 police report notes his outstanding warrant from February 19, 2021 from 39th District Court.

### E. The Nature and Seriousness of the Danger Posed by Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). For all of the reasons explained above, this factor weighs in favor of detention.

Defendant has failed to demonstrate compliance with the conditions of release and poses a danger of nonappearance. Defendant has shown a pattern of disregard for the law and the orders of this Court. He was given a chance that he has squandered. He failed to resolve his 2018 domestic violence charge and

picked up another domestic violence charge on the very day he was supposed to be in this Court entering a guilty plea.

Therefore, the Court finds that the Government has presented clear and convincing evidence Defendant is a specific danger to his fiancé and shown he is a risk of flight by a preponderance of the evidence. To the extent § 3143 governs resolution of Defendant's present motion, Defendant has not overcome the presumption of dangerousness.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Revocation of Order of Detention [#17] is DENIED.

SO ORDERED.

Dated: April 19, 2022     /s/Gershwin A. Drain
                          GERSHWIN A. DRAIN
                          United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager